IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,286-01







EX PARTE FRANK NAVARIJO, Applicant







ON APPLICATION FOR WRIT OF HABEAS CORPUS

IN CAUSE NO. 98-CR-4635 IN THE 186TH DISTRICT COURT

BEXAR COUNTY




 Price, J., filed a concurring opinion.


CONCURRING OPINION


 By design, the standard for proving actual innocence is unforgiving. (1) Indeed,
demonstrating actual innocence in a post-conviction application for writ of habeas corpus is,
we have said, "a Herculean task." (2) In order to do so, "an applicant must produce new
evidence to demonstrate that he is 'unquestionably innocent'; that is to say, the reviewing
court must be able to conclude, after factoring the new, exculpatory evidence in with the
inculpatory evidence introduced at trial, that the applicant has shown 'by clear and
convincing evidence that no reasonable juror would have convicted him in light of the new
evidence.'" (3) The convicting court has addressed this standard, finding that the complainant's
recantation testimony was more credible than her trial testimony in this case, and
recommending that we conclude from this finding, "by clear and convincing evidence[,] that
no rational juror would convict the applicant in light of the new evidence[.]" (4) And, indeed,
there is ample evidence in the record to suggest that the complaining witness's recantation
is sincere and genuine, and that she only testified against the applicant as she did at trial
because her grandmother, who entertained an inexplicable animus against the applicant, had
put her up to it. Nevertheless, like the Court, I would ultimately reject the convicting court's
recommendation that we grant relief.

 I do not think this Court is bound by the convicting court's determination that the
complaining witness's recantation is more credible than her trial testimony, even if it is
supported by the record. This Court is the court of return in the particular context of post-conviction applications for writ of habeas corpus. (5) It is true that the convicting court is the
"original" fact-finder (if only because this Court has no institutional capacity for factual
development), and we will ordinarily defer to that court's findings of fact when they are
supported by the record. (6) But that deference is by no means boundless. Because we are the
court of return in felony post-conviction habeas corpus proceedings, it is my position that we
are the "ultimate" fact-finder, with the absolute prerogative to reject the convicting court's
recommendations--even if they are supported by the record--if we think another disposition
is manifestly better supported by the record. (7)

 Even accepting that the convicting court's determination that the recantation is
credible finds support in the record, I do not think that the convicting court's conclusion that
its own assessment of the credibility of the complaining witness's recantation (or, for that
matter, our assessment) necessarily translates into clear and convincing evidence that no
reasonable juror would fail to find the recantation more credible than the complaining
witness's trial testimony. It does not ultimately matter whether the convicting court--or even
this Court--happens to believe the complaining witness's recantation. By this I do not mean
to suggest that an objective evaluation of the credibility of the complaining witness's
recantation is not relevant to the disposition of an applicant's actual innocence claim. But
whether the convicting court or this Court should find a complaining witness's recantation
credible or incredible does not, by itself, dispose of the claim. Why? Because, ultimately,
the Elizondo standard does not ask whether we find the new evidence of innocence to be
credible, reliable, or true. Instead, we are called upon to evaluate what a reasonable juror
would have believed about the credibility or reliability or truth of the newly discovered
evidence. Therefore, even accepting the convicting court's assessment that the recantation
in this case is credible, and assuming as well that the question of whether any reasonable
juror would still have convicted the applicant in light of the complaining witness's
recantation is a mixed question of law and fact that turns (at least in part) upon an objective
assessment of the credibility of the recantation itself, I do not believe we are bound by the
convicting court's recommendation regarding what reasonable jurors would do. (8) That
question is ultimately for this Court to decide.

 "Clear and convincing evidence is defined as that measure or degree of proof which
will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the
allegations sought to be established." (9) Here, the allegation sought to be established is not
that the complaining witness's recantation is credible in the abstract. Rather, the allegation
sought to be established is that no reasonable juror would have convicted the applicant had
it heard, in addition to the complaining witness's inculpatory trial testimony, her present
recantation. That recantation must be sufficiently convincing and compelling that it
produces in our minds the firm belief or conviction that no reasonable juror, having heard it,
would have persisted in relying upon the complaining witness's trial testimony to convict. 
That the convicting court chose to believe the complaining witness's recantation in this case
certainly has some bearing on our resolution of this issue; but it does not necessarily compel
us to answer the dispositive question--"Would no reasonable juror convict?"--in the
applicant's favor. While I think it is an agonizingly close question, (10) given the circumstances
of this case as cataloged in the Court's opinion (the medical testimony at trial strongly
tending to corroborate that an assault took place, the complaining witness's acknowledgment
at the writ hearing that nobody else sexually assaulted her, (11) and the detailed nature of the
complainant's trial testimony versus the haziness of her present-day memory), I cannot
ultimately say that the complaining witness's recantation produces a firm belief or conviction
in my mind that no reasonable juror would have convicted the applicant had the present
recantation been added to the evidentiary mix at trial. I therefore reject the convicting court's
recommendation that we should conclude otherwise.

 For these reasons, I concur in the Court's judgment.


FILED: June 18, 2014

PUBLISH
1. See Ex parte Elizondo, 947 S.W.2d 202, 209 (Tex. Crim. App. 1996) ("[A]n exceedingly
high standard applies to the assessment of claims of actual innocence that are not accompanied by
a claim of constitutional error at trial."); Ex parte Spencer, 337 S.W.3d 869, 881 (Tex. Crim. App.
2011) (Price, J., concurring) ("[W]hen we first recognized bare actual innocence as a cognizable,
stand-alone claim in post-conviction habeas corpus proceedings, we deliberately designed the
standard to be exceedingly rigorous.").
2. Ex parte Brown, 205 S.W.3d 538, 545 (Tex. Crim. App. 2006).
3. Spencer, 337 S.W.3d at 881 (Price, J., concurring) (quoting Elizondo, 947 S.W.2d at 209).
4. Majority Opinion at 10-11.
5. Tex. Code Crim. Proc. art. 11.07 § 3(a).
6. Ex parte Reed, 271 S.W.3d 698, 727 (Tex. Crim. App. 2008).
7. Ex parte Butler, 416 S.W.3d 863, 879 n.6 (Tex. Crim. App. 2012) (Price, J., dissenting); 
Spencer, 337 S.W.3d at 880 n.1 (Price, J., concurring); Ex parte Robbins, 360 S.W.3d 446, 467 n.14
(Tex. Crim. App. 2011) (Price, J., concurring); Reed, 271 S.W.3d at 754-55 (Price, J., concurring).
8. See Ex parte Thompson, 153 S.W.3d 416, 428 (Tex. Crim. App. 2005) (Cochran, J.,
concurring) (characterizing this Court's review of "the ultimate legal question" of whether no
reasonable juror would convict the applicant claiming actual innocence as de novo).
9. State v. Addington, 588 S.W.2d 569, 570 (Tex. 1979).
10. The case for actual innocence here is certainly more compelling, for example, than it was
in Ex parte Harleston, ___ S.W.3d ___, No. WR-79,196-01, 2014 WL 1923231 (Tex. Crim. App.
May 14, 2014); id. (Price, J., concurring).
11. On cross-examination during the habeas hearing, the complaining witness explicitly testified:


 Q. You are here to say and you have said before that [the applicant] did not
molest you, correct?


 A. Correct.


 Q. Do you recall anyone else molesting you?


 A. No.


 Q. Do you recall anyone else being around you or any physical objects that
I recall that back at trial was either -- that he penetrated you or it could have been
with an object? Do you recall anyone using any objects or anything on you?


 A. No.